UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EBRAHIM SALEH AL-SHAMI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:09-CV-968 (CEJ) |
| | ) | |
| U.S. DEPARTMENT OF AGRICULTURE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint. Plaintiff filed no opposition to the motion, and the time for doing so has expired.

### I. Background

*Pro se* plaintiff Ebrahim Saleh Al-Shami owns and operates H & R Groceries (HRG), a limited liability company organized under the laws of Missouri. HRG participates in the United States Department of Agriculture's Supplemental Nutrition Assistance Program (SNAP), which is administered by the Food and Nutrition Service (FNS). Participation in the SNAP program allows food retailers to accept food stamps from their customers, provided the retailers adhere to the requirements set forth in the Food Stamp Act of 1977, 7 U.S.C. § 2011 *et seq.*, and the governing regulations, 7 C.F.R. Parts 278 and 279. (Doc. #9, at 1-2).

In a letter dated April 7, 2009, the Kansas City, Missouri, FNS Field Office issued a letter to HGR, informing plaintiff that it was withdrawing HRG's authorization to accept food stamps for six months for failure to meet regulatory requirements. (Doc. #1, at 3; #9-4). On April 16, 2009, plaintiff wrote a letter on behalf of HRG, requesting an administrative review of this decision. In a letter dated May 26, 2009, the Administrative Review Officer issued its final decision affirming the Field Office's

decision. Plaintiff received the letter on May 27, 2009. (Doc. #9-3, at 56). Plaintiff then filed the instant action on June 22, 2009. Defendant filed its motion to dismiss on September 3, 2009. In an order dated October 19, 2009, the Court directed plaintiff to file a response to defendant's motion by November 9, 2009; plaintiff, however, filed no response.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

## III. Discussion

Generally, "[t]he United States is immune from suit unless it consents." Riley v. U.S., 486 F.3d 1030, 1032 (8th Cir. 2007) (citing Hercules, Inc. V. United States, 516 U.S. 417, 422 (1996); United States v. Testan, 424 U.S. 392, 399 (1976)). The Food Stamp Act, however, provides that:

> If [a] store, concern, or State agency feels aggrieved by [a] final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record in the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.

7 U.S.C. § 2023(a)(13) (emphasis added).

In the instant action, plaintiff names the United States Department of Agriculture, not the United States, as the defendant. As stated above, the Food Stamp Act only permits an aggrieved party to bring an action against the United States. The Court, therefore, will dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff's complaint [Doc. #9] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of December, 2009.